The opinion of the court on the original hearing was delivered by Egan, J., and on the rehearing by Make, J.
Egan, J.
The opponents are both ordinary judgment creditors of the -succession. Their oppositions are on several grounds, most of which relate to the management of the property of the succession by the administrator, and moneys paid by him, which the court a qua considered no longer open to inquiry or opposition, because protected by a judgment homologating a former account of the administrator, unappealed and unreversed. The opinion of the judge a quo shows an unusually careful and intelligent consideration of the whole case, and we ¡are not prepared to differ from his conclusions in regard to the grounds of opposition referred to.
The principal ground of opposition by Mrs. Quin was that the •administrator had failed to place her upon the account and tableau as a judgment creditor to the amount of $2946 44, besides interest and *948 costs, to be paid concurrently with other judgment creditors. Harrell, himself a judgment creditor, opposes the allowance of this claim, invites-the parish court in this proceeding to review the action of the district court which rendered the judgment, and seeks to contest in the parish court the right of Mrs. Quin to be allowed the amount claimed. It is-not disputed that the court which rendered the judgment had jurisdiction, nor that there was a regular contestatio Utis resulting in a judgment. It is, however, claimed that the debt was not due, and that the: judgment against the administrator does not bind other creditors who may oppose its allowance in the probate court. The judge a quo overruled this ground of opposition, and in so doing, in our opinion, did not err.
In the Succession of Neal, 25 A. 125, the court held that a judgment not absolutely void can not be attacked collaterally — that the parish court can not review or reverse a judgment of the district court, and that it is without jurisdiction ratione material when the matter in dispute exceeds five hundred dollars. If the judgment of Mrs. Quin washable to attack or reversal, it was in another forirn, where proceedings should have been instituted, and those in the probate court stayed to await their determination. No such allegation or attempt is shown in-this case. See Succession of Bernard, 24 A. 402. Mrs. Quin’s judgment should have been recognized, and placed as such upon the tableau and account, and the judge below correctly so ordered. Harrell alone-appealed.
Mrs. Quin asked in the court a qua that she be allowed by privilege and preference one hundred and sixty dollars, the price of a horse, her separate property, sold by her deceased husband. This sum was not-reduced into possession by the husband while living, but was collected from the purchaser by the administrator after the death of the husband. It formed properly, therefore, no part of the succession, but belonged to the wife individually. It should not go to swell the sum applicable to the payment of other creditors, but should pass, undiminished, directly-to Mrs. Quin, whose fund it was.
In her answer to the appeal she so asks, and that the judgment of the court below be so amended, and in other respects affirmed, and it is so ordered, and that the costs be paid by the succession, except the-costs of the opposition of S. S. Harrell, which are decreed to be paid by him.